FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 14, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA S.,[1]<br><br>        Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>        Defendant. | No.   1:24-cv-3003-EFS<br><br>**ORDER REVERSING THE ALJ'S DENIAL OF BENEFITS, AND REMANDING FOR AN AWARD OF BENEFITS** |

        Plaintiff Maria S. appeals the denial of benefits by the Administrative Law Judge (ALJ). The parties agree the ALJ erred when analyzing the medical opinions, but the parties disagree about the appropriate remedy. Plaintiff seeks a remand for payment of benefits, while the Commissioner seeks a remand for further proceedings. After reviewing the record and relevant authority, the Court remands the case for an award of benefits.

---

[1] To address privacy concerns, the Court refers to Plaintiff by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

## I.  Background

This case has a long history: there have been three denials of disability by three different ALJs. It is now before the court again for review.

Following a car accident in the early 2000s, Plaintiff has had several physical conditions impacting her pelvis, back, right knee, and left ankle. In 2009, Plaintiff developed left-eye blindness, for which she had several surgeries, including a surgery to remove the eye and installation of a prosthesis. Along with these physical conditions, Plaintiff has received treatment for depression, anxiety, headaches, and post-traumatic stress disorder (PTSD).

Plaintiff filed for benefits in December 2012, with an alleged onset date of February 1, 2009.[2] Plaintiff's claims were denied, and she requested a hearing before an ALJ, who in turn denied benefits.[3] The ALJ's decision was reversed and remanded by a magistrate judge.[4] A second ALJ hearing was held, and again benefits were denied.[5] The second ALJ decision was then reversed by the court following a stipulated remand.[6]

---

[2] AR 238–54.

[3] AR 26-36, 147–53, 156–75.

[4] AR 1253–64 (E.D. Wash. No. 1:17-cv-3059-JTR).

[5] AR 1133–50, 1160–1203.

[6] AR 2229–31 (E.D. Wash. No 1:20-3058-FVS).

Following the second remand, ALJ Cecilia LaCara held a telephonic hearing in August 2023.[7] Plaintiff testified at the hearing that her pain had gotten worse, she has difficulty walking for more than ten minutes due to her left foot/ankle and back pain, and she has difficulty concentrating and sleeping.[8] She stated that she needs a new prosthetic eye for her left eye because she is experiencing pressure, headaches, and a burning sensation with her current prosthetic eye.[9] She testified that she did not leave her house for about a week and a half during the past month due to her low back pain and difficulty walking.[10] She said that she lives by herself in an apartment, has a driver's license, attends her medical appointments, and visits her mom about once a week.[11] She shared that during the last year-and-a-half she assisted her mom by taking her to cancer treatments.[12] After the hearing, the ALJ issued a decision denying disability and finding:

- Plaintiff met the insured status requirements through December 31, 2011.

---

[7] AR 2163–94.

[8] AR 2169–75.

[9] AR 2172–74.

[10] AR 2175.

[11] AR 1176–78.

[12] AR 2179–80.

- Step one: Plaintiff had not engaged in substantial gainful activity since the application date of February 1, 2009.

- Step two: Plaintiff had the following medically determinable severe impairments: obesity, monocular vision status post left eye removal, right knee degenerative joint disease, lumbar spine condition, PTSD, headaches, anxiety disorder, and depressive disorder.

- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.

- RFC: Plaintiff had the RFC to perform light work except that:

  [Plaintiff] can only occasionally stoop and crouch. She cannot crawl or kneel, and cannot climb ladders, ropes, or scaffolds. She can frequently climb ramps and stairs. She must avoid all unprotected heights and hazards. She can perform simple, routine tasks that do not include fast paced, assembly line type work. She can have occasional interaction with supervisors and coworkers, but she cannot engage in tandem tasks with coworkers. She cannot have contact with the public; that is, she can have incidental contact with the public but cannot work in a job where contact with the public is part of the essential job duties.

- Step four: Plaintiff is unable to perform past relevant work.

- Step five: considering Plaintiff's RFC, age, education, and work history, Plaintiff could perform work that existed in significant

numbers in the national economy, such as a housekeeper, mailroom clerk, and routing clerk.[13]

Plaintiff timely requested review of the ALJ's decision, arguing that the ALJ committed several errors.

## II.   Analysis

The parties agree the ALJ erred: the ALJ failed to provide legally sufficient reasons for rejecting an opined limitation by Michael Regets, PhD, and Diane Fligstein, PhD. The parties disagree, however, as to whether the Court should remand for payment of benefits or for more proceedings. As is explained below, the agreed-upon error calls for a payment of benefits.

### A.   Remand Standard

When a harmful error occurs in the administrative proceeding, remand for further administrative proceedings is the usual course.[14] In comparison, in order for the court to consider remand for payment of benefits, three factors must be satisfied:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly

---

[13] AR 2097–2124.

[14] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985)).

discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.[15]

When these factors are satisfied, the decision whether to remand for benefits or further proceedings is within the court's discretion, as it "is a fact-bound determination that arises in an infinite variety of contexts."[16]

### B.    Remand Analysis

The second remand factor is satisfied: the parties agree the ALJ failed to provide legally sufficient reasons for rejecting an opined limitation by Dr. Regets and Dr. Fligstein.[17] The erroneously rejected limitation was:[18]

> Intermittent interruption of concentration persistence and pace can be expected due to interference of psychological symptoms for up to 2 hours throughout a competitive work day. Occasional supervisor instruction/redirection will help keep claimant on task. Nonetheless claimant is capable of concentrating throughout a competitive 40 hour workweek.

---

[15] *Id.* at 1101. *See Garrison v. Colvin*, 759 F. 3d 995, 1010 (9th Cir. 2014),

[16] *Treichler*, 775 F.3d at 1100 (quoting *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000)).

[17] Although Plaintiff raises several challenges to the ALJ's analysis, the Commissioner did not address each raised issue. By not responding to each issue, the Commissioner risked an award of benefits on these abandoned arguments as well. *See Garrison*, 759 F.3d at 1020; *Wilcox v. Comm'r*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988).

[18] AR 1243–44, 1279.

The ALJ dismissed the opined 2-hour pace/persistence limitation on the grounds that it was a typographical error, reasoning that it conflicted with the medical sources' finding that Plaintiff could concentrate and sustain work.[19] As the Commissioner concedes, the ALJ's decision to discount the pace/persistence limitation because it was a typographical error is not supported by substantial evidence.[20] Dr. Regets and Dr. Fligstein opined that Plaintiff's ability to persist and maintain pace would be interfered with up to 2 hours per day.[21] This limitation was based on their previously listed opinions that Plaintiff's ability to sustain an ordinary routine without special supervision and work in coordination with or in proximately to others without being distracted by them were moderately impaired, and that Plaintiff's ability to maintain attention and concentration for extended periods was not significantly limited.[22] There is no inconsistency with Dr. Regets and Dr. Fligstein opining that Plaintiff could maintain concentration but would

---

[19] AR 2119.

[20] The Commissioner highlights that the Appeal Council reviewed the evidence previously and did not find a typographic error with Dr. Regets's and Dr. Fligstein's opined pace/persistence limitation. Instead, the Appeals Council determined, "the ALJ did not explain why these limitations were not adopted in the RFC despite assigning these sources 'significant weight.'" AR 2238.

[21] AR 1243–44, 1279.

[22] AR 1243–44, 1279.

have moderate difficulties sustaining pace and persisting in tasks.[23] The ALJ failed to offer specific and legitimate reasons, supported by substantial evidence, for discounting the 2-hour pace/persistence limitation.

As to the third factor, if this pace/persistence limitation is credited as true, Plaintiff is considered disabled. The vocational expert (VE) testified that an individual who is off task 15 percent or more on a sustained basis would not be able to sustain employment.[24] If Plaintiff is off task up to 2 hours of an 8-hour workday, she will be off task about 25 percent of the workday and therefore per the VE's testimony is unable to sustain work. The third factor for remand-for-benefits is satisfied.

Finally, as to the first factor, the Court finds that a third remand for further proceedings will serve no legitimate purpose. Previously, the Appeals Council directed the ALJ to address this specific issue and the ALJ failed to properly do so. Moreover, additional administrative proceedings are not needed to develop the record as to Plaintiff's impairments.

---

[23] As Plaintiff highlights, the purported inconsistency cannot be created by considering that, based on the vocational expert's testimony, this opined limitation is contrary to a finding of non-disability.

[24] AR 2159–60.

### III.  Conclusion

Due to the ALJ's continued error, benefits are to be awarded. Accordingly, **IT IS HEREBY ORDERED**:

1. The ALJ's nondisability decision is **REVERSED, and this matter is REMANDED to the Commissioner of Social Security for immediate calculation and award of benefits**.

2. The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 10 and 13**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

IT IS SO ORDERED.  The Clerk's Office is directed to file this order and provide copies to all counsel.

**DATED** this 14th day of August 2024

*Edward F. Shea*

EDWARD F. SHEA
Senior United States District Judge